## Craig Foster v. The People of the State of Illinois.

1. WIFE ABANDONMENT—*What Is Not, Within Meaning of the
Statute.*—The fact that a husband does not provide for his wife at her
brother's home, where she has gone, nor discharge his obligations to her
brother, will not, alone, be an abandonment of the wife within the
meaning of the statute, where it was the understanding between the
two that the husband, who was poor and without means, was not to
remain a charge upon the wife's brother.

Foster v. The People.

**Indictment**, for wife abandonment.  Error to the County Court of Clark County; the Hon. AUSBY L. LOWE, Judge, presiding.  Heard in this court at the November term, 1901.  Reversed.  Opinion filed February 19, 1902.

TIPTON & TIPTON and H. M. JANNEY, attorneys for plaintiff in error.

B. M. DAVISON, State's Attorney, H. J. HAMLIN, Attorney General, and THOS. L. ORNDORFF, attorneys for defendants in error.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was an information in the County Court, filed by the state's attorney, and verified by the affidavit of J. H. Dazen, charging the plaintiff in error with an abandonment of his wife without good cause, contrary to the statute. After this the information was, by leave of the court, amended, without further verification, and the court having overruled a motion to quash, this ruling of the court is argued for error.

A trial by jury ended in a verdict of guilty, upon which the court gave a judgment for a fine of $100, to reverse which this writ of error is prosecuted, and it is argued the court erred, as before stated, gave improper instructions, refused proper instructions, and that the verdict is not sustained by the evidence.

In the view we have of the case, it is not necessary to a proper decision that we pass upon the question in respect as to whether the court erred in overruling the motion to quash the information.  The court did err, however, in some of its instructions, both given and refused; but upon examination of all the evidence we are of the opinion the statute in question was not enacted to meet the kind of a case here made out.  We think the evidence, with all the inferences naturally to be drawn from it, merely proves the wife of plaintiff in error was sick in McLean county, where she and her husband resided, and the wife believing her time was near at hand, desired to go to Clark county to her brother, where he resided, and it was then privately and mutually

agreed or understood, between husband and wife, that the husband was not to remain with his wife in Clark county, as a charge upon her brother, and he did not. It is in evidence that the father of plaintiff in error was able and willing, and had offered to care for both his son and wife during the last sickness of the latter, but she clung to the natural desire to be with her brother. The wife died later at her brother's residence in Clark county, in the absence of and apparent abandonment by her husband, from the standpoint of her brother at least. It is true that plaintiff in error did not provide for his wife at her brother's home, nor discharge his obligations to him, but this alone would not be an abandonment of the wife, if it was the understanding between the two that the husband, who was poor and without means, was not to remain as a charge upon the wife's brother, however much the brother might have been imposed upon or deceived by the arrangement. Our conclusion is, from all the evidence in the case, that the wife of the plaintiff in error was taken to her brother's home in Clark county to there remain during her last and fatal sickness, at the request of the wife; and that there was no abandonment without good cause within the meaning of the statute, and the judgment of the County Court will therefore be reversed, and the plaintiff in error discharged.